### F. D. BRIDGES v. THE STATE.

#### No. 3453.   Decided March 3, 1915.

**Local Option—Sufficiency of the Evidence.**

   Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

. Appeal from the County Court of San Augustine. Tried below before the Hon. Wm. McDonald, Special Judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The State's witness Zack Alvis testified that he passed by the defend-

ant and dropped a dollar into his pocket and asked him, "Where I could get it? meaning (where I could get the whisky). He said he would let me know. I went from there to Williams' store and then left there and went across the public square towards Brown's blacksmith shop. I met defendant, he got out of the hack he was delivering beef in; as I walked up to the hack Earnest Davidson and also the defendant told me I would find it where I got the other (meaning a tub nailed up against the fence or house). I went there and got a pint of whisky out of the tub and took it straight to the sheriff and gave it to him. I had gotten a pint from him the evening before. I have had a great deal of trouble with these people and was afraid they would injure me." The sheriff testified that he gave Zack Alvis two dollars to buy whisky; that he was trying to catch the defendant, as he thought he was selling whisky unlawfully; that he saw defendant and another man drive up in front of Brown's blacksmith shop and stop, and the defendant got out at this time; that he saw Zack Alvis going in the direction of the blacksmith shop; that someone saw him, the sheriff, and he did not see anything more of either of the parties; that in a short time Zack Alvis came to him, the sheriff, with a bottle of whisky and said he had bought it from the defendant.

The defendant denied selling any whisky, and sought by other witnesses to contradict Alvis' testimony as to his movements, etc., at the time.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of making a sale of liquor in a prohibition county, and his punishment assessed at twenty days imprisonment in the county jail and a fine of one hundred dollars.

There are no bills of exception in the record. No special charges were requested, and there is no complaint of the charge of the court as given. So the only thing we can consider is, will the testimony sustain the verdict? If the jury believed the testimony of Zack Alvis, and it appears they did, it clearly showed a sale of whisky by appellant to Alvis.

The judgment is therefore affirmed.

*Affirmed.*